RICHARD E. BROMLEY (State Bar No. 156260)
rbromley@constangy.com
DAWN M. AMOS (State Bar No. 266992)
damos@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 909-7775
Facsimile: (310) 256-3520

Attorneys for Defendant
GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION AT RIVERSIDE

| | |
|---|---|
| JOSE CARCAMO;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Corporation, and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | Case No. 5:16-CV-00597-JGB-DTB<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INFORMATION**<br><br>**Parties' Signed Stipulation Filed Concurrently** |

   The Parties to the above-captioned action contemplate the disclosure of confidential, private, and/or sensitive information and have submitted to the Court a stipulated agreement regarding the procedures for confidential information. Therefore, the Court orders as follows:

   1.   "<u>Confidential Information</u>."  "Confidential Information," as used herein, means all confidential information and documents produced by either Party, which the Parties anticipate includes but is not limited to the following:  confidential trade secret information related to Defendant's business practices.  All Confidential Information

produced in this case shall be used solely for purposes of this litigation as permitted hereunder and for no other purpose. Confidential Information includes all original documents and copies thereof which a party has designated as such by stamping each page of the document with the words "CONFIDENTIAL" or words to that effect.

2. <u>Qualified Persons</u>. With respect to Confidential Information, "Qualified Persons" means: Counsel of record in this action for Plaintiff and Defendant, including regularly employed partners, associate attorneys, paralegals, and stenographic and clerical employees assisting such counsel, or any such other persons who are responsible for the handling of legal matters on behalf of either party. For the purposes of hearing procedures involving Confidential Information, "Qualified Persons" also means the Court, any clerk and other hearing personnel.

3. <u>Designation of Information</u>. Any information supplied in written or documentary form, which a supplying party or person wishes to designate as Confidential Information, shall be labeled by the supplying party as "CONFIDENTIAL," or words to that effect, on each page containing information to be designated hereunder. Neither the designation nor the disclosure of information pursuant to this Protective Order shall operate as a waiver of the attorney-client privilege or protections afforded by the attorney work-product doctrine with respect to the subject of the information disclosed.

4. <u>Agreement by Qualified Persons</u>. Any information designated as Confidential Information shall be made available only to Qualified Persons. Except for the Court, any clerk and other hearing personnel, all other Qualified Persons shall read this Stipulation and Order, and shall undertake in writing to be bound by its terms; to maintain that information designated as Confidential Information in confidence; not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person; and not to use Confidential Information except for purposes of discovery and trial in this action. Those Qualified Persons shall indicate their

2
[PROPOSED] PROTECTIVE ORDER

Printed on recycled paper

3665979v.1

agreement to be bound by the terms of the Protective Order by signing and dating an acknowledgment substantially in the form attached as Exhibit "A."

5. <u>Custody and Safeguarding of Confidential Materials</u>. Counsel for the parties and all Qualified Persons shall take reasonable measures to safeguard the confidentiality of Confidential Information subject to this Protective Order and shall maintain it in a manner that limits access only to Qualified Persons. The Parties herein also agreed to abide by the limitations, protections, and requirements of Local Rule 79-5 regarding Confidential Court Records.

6. <u>Reservation of Rights</u>. Entering into, agreeing to, and/or producing or receiving documents or information designated as Confidential, or otherwise complying with the terms of this Protective Order, shall not:

(a) prevent the Court from entering or admitting Confidential Information into evidence;

(b) prejudice in any way the rights of any party to object to the production of documents or other materials he, she or it considers not subject to discovery;

(c) prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document or testimony or other materials subject to this Protective Order;

(d) prejudice in any way the rights of any party to seek a determination by the Court as to whether any documents or testimony should be subject to the terms of this Stipulation and Protective Order;

(e) prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

(f) prevent the Parties to this Stipulation and Protective Order from agreeing in writing or on the record during any hearing to alter or waive any provision of this Stipulation and Protective Order with respect to any particular document.

7. <u>Procedures For Filing/Lodging Papers With The Court</u>.  If any party wishes to file with the Court any document, the Parties shall comply with the requirements of Local Rule 79-5.

8. <u>Inadvertent Disclosure</u>.  Should any document or information designated as Confidential Information hereunder be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the same hereunder, the Parties shall use their best efforts to bind such person to the terms of this Stipulation and Order and:

(a) such person shall be informed promptly of all of the provisions of this Stipulation and Protective Order by the receiving party;

(b) such person shall be identified immediately to the party that designated the document as Confidential Information; and

(c) such person shall be requested to sign an agreement to abide by the terms of this Stipulation and Protective Order, which signed agreement shall be served on the party designating the document as Confidential Information.

9. <u>Return Upon Termination</u>.  Within thirty (30) days of the termination of this action, the Parties shall assemble and return to each supplying party or person all material embodying information designated as Confidential Information, but the Counsel of Record for each Party may keep one copy of said information for its case file, to be destroyed upon the case file destruction.

10. <u>Discoverability and Admissibility of Documents</u>.  Nothing in this Protective Order shall be construed to affect either the discoverability or admissibility at trial of any document, recording or thing, nor shall any Party's entry into this Stipulation and Order be deemed to waive either its right to object to the production of documents, recordings or things on appropriate grounds, or to move to compel the production of documents, recordings or things wrongfully withheld from production by another party or entity.

11. <u>Not a Contract</u>. This Protective Order shall not be construed or argued or interpreted as creating a contract between the Parties or between their counsel or between the Parties and their counsel.

12. <u>Challenges to Definition of Confidential Information</u>. The Parties acknowledge that disagreements may arise over the precise definition of confidential information and, therefore, retain the right to seek a determination by the Court on any such definition. Any motion brought pursuant to this paragraph regarding a challenged designation of confidential information will be made in strict compliance with Local Rules 37-1 and 37-2, including the Joint Stipulation requirement.

13. <u>Modification</u>. This Protective Order may be modified upon a showing of good cause through application to the Court on notice to all other Parties or stipulation of the parties and approval of the Court.

**IT IS SO ORDERED:**

Dated: September 26, 2016

THE HONORABLE DAVID T. BRISTOW
United States Magistrate Judge

# EXHIBIT A

## DECLARATION OF "QUALIFIED PERSON"

I, _____, declare that I have read the Protective Order entered in the action entitled *Jose Carcamo v. General Motors LLC*, United States District Court for the Central District of California Case No. 5:16-CV-00597-JGB-DTB, and agree to be bound by its terms; to maintain the information designated as Confidential Information in confidence; not to use or disclose information designated as Confidential Information to anyone other than to a Qualified Person; and not to use Confidential Information except as permitted in the Protective Order.

To effectuate my compliance with this Order, I agree to submit to the jurisdiction of the United States District Court for the Central District of California that is being presided over by the Hon. Jesus G. Bernal for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after the termination of this action.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this Declaration is executed on _____, _____ in the City of _____, in the State of _____.

_____    _____
Name of Declarant [Printed]                              Signature of Declarant


Affiliation: _____

Business Address: _____

_____

Home Address: _____

_____